Debtor(s)  **Gregory D. White**  
**Lois Q. White**

Case No.  **5:23-bk-71508**

# Arkansas Chapter 13 Plan
(Local Form 13-1)

Original Plan ☑    Amended Plan ☐    **For an amended plan, all applicable provisions must be repeated from the previous plan(s). Provisions may not be incorporated by reference from previously filed plan(s).**

List below the sections of the plan that have been changed:

State the reason(s) for the amended plan, including any changes of circumstances below. If creditors are to be added, please complete Addendum A as well as file any appropriate amended schedules.

The Amended Plan is filed:  ☐ Before confirmation  
☐ After confirmation

## Part 1: Notices

To Debtor(s):   **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

**Original plans and amended plans must have matrix(ces) attached or a separate certificate of service should be filed to reflect service in compliance Fed. R. Bankr. P. 2002.**

To Creditors:   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.** You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a written objection to confirmation with the United States Bankruptcy Court either electronically (if filer is approved for electronic filing) or at the following addresses:

- **For Eastern District cases** (Delta, Northern, or Central ***Batesville and Pine Bluff filed prior to 11/28/2019***): United States Bankruptcy Court, 300 West 2nd Street, Little Rock, AR 72201

- **For Western District cases** (El Dorado, Fayetteville, Fort Smith, Harrison, Hot Springs, or Texarkana Divisions): United States Bankruptcy Court, 35 E. Mountain Street, Fayetteville, AR 72701

**The objection should be filed consistent with the following timelines:**

☐ **Original plan filed *at the time* the petition is filed:** Within 14 days after the 341(a) meeting of creditors is concluded.

☑ **Original plan filed *after* the petition is filed or amended plan (only if filed *prior* to the 341(a) meeting):** Within the *later* of 14 days after the 341(a) meeting of creditors is concluded or 21 days after the filing of the plan.

☐ **Amended plan:** Within 21 days after the filing of the amended plan.

Debtor(s) **Gregory D. White**
**Lois Q. White**              Case No. **5:23-bk-71508**

**The court may confirm this plan without further notice if no objection to confirmation is timely filed.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor. | ☑ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | Nonstandard plan provisions, set out in Part 8. | ☐ Included | ☑ Not included |

## Part 2: Plan Payments and Length of Plan

**2.1**    **The debtor(s) will make regular payments to the trustee as follows:**
*Inapplicable portions below need not be completed or reproduced.*

**Original plan:** The debtor(s) will pay $**575.00** per month to the trustee. The plan length is **60** months.
The following provision will apply if completed:

Plan payments will change to $__ per month beginning on __.

Plan payments will change to $__ per month beginning on __.
     *(Use additional lines as necessary)*

The debtor(s) will pay all disposable income into the plan for not less than the required plan term, or the applicable commitment period, if applicable, unless unsecured creditors are being paid in full (100%). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2**    **Payments shall be made from future income in the following manner:**

Name of debtor   **Gregory D. White**
☑ Direct pay of entire plan payment or ____ (portion of payment) per month.

☐ Employer Withholding of $____ per month

     Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☐ weekly, ☐ Other
     If other, please specify:____
     Employer name:
     Address:

     Phone:

Name of debtor **Lois Q. White**

☐ Direct pay of entire plan payment or ____ (portion of payment) per month.

☐ Employer Withholding of $____ per month.

     Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☐ weekly, ☐ Other
     If other, please specify:____
     Employer name:
     Address:

Debtor(s) **Gregory D. White**
**Lois Q. White**                                             Case No. **5:23-bk-71508**

Phone: _____    _____
                                       _____

**2.3      Income tax refunds.**

*Check one.*
☑ Debtor(s) will retain income tax refunds received during the plan term and have allocated the refunds in the budget.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income tax refunds as described below. The debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing.

**2.4      Additional payments.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ To fund the plan, debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

## Part 3: Treatment of Secured Claims

**3.1      Adequate Protection Payments.**
*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ The debtor(s)' plan payment to the trustee will be allocated to pay adequate protection payments to secured creditors as indicated below. The trustee shall be authorized to disburse adequate protection payments upon the filing of an allowed claim by the creditor. Preconfirmation adequate protection payments will be made until the plan is confirmed. Postconfirmation adequate protection payments will be made until administrative fees are paid (including the initial attorney's fee). Payment of adequate protection payments will be limited to funds available.

| Creditor and last 4 digits of account number | Collateral | Monthly payment amount | To be paid |
|---|---|---|---|
| Westlake Portfolio Management, | 2010 Jeep Wrangler | 173.60 | ☑ Preconfirmation<br>☑ Postconfirmation |

**3.2      Maintenance of payments and cure of default (long term-debts, including debts secured by real property that debtor(s) intend to retain).**
*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, including any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The debtor(s) will resume payments to the creditors upon completion of the plan, pursuant to the terms of the respective agreements. Any existing arrearage will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated.

The current contractual installment payments for real estate may be increased or decreased, and the plan payment increased, if necessary, based upon information provided by the creditor and upon the absence of objection from the debtor(s) under applicable rules. Unless otherwise ordered by the court, the amounts listed on a filed and allowed proof of claim will control over any contrary amounts listed below as to the current installment payment and arrearage amount. **If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.**

| Creditor and last 4 digits of account number | Collateral | Monthly installment payment | Monthly installment payment disbursed by | Estimated arrearage amount | Monthly arrearage payment | Interest rate, if any, for arrearage payment |
|---|---|---|---|---|---|---|
| Arvest Bank 5412 | 20382 Kirksey Rd. Elkins, AR 72727 Washington County | 1,100.59 | ☑ Debtor(s) ☐ Trustee | 0.00 | 0.00 | 0.00% |

3.3  **Secured claims excluded from 11 U.S.C. § 506 (non-506 claims).**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ Claims listed in this subsection consist of debts that were:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s) ("910 car claims"), or
(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value ('PMSI within one year").

The creditors below will retain their liens and secured claims will be paid in full under the plan at the monthly payment and interest at the rate stated below. Unless otherwise ordered by the court, the claim amounts listed on a filed and allowed proof of claim will control over any contrary amounts listed below, except as to value, interest rate and monthly payment.

| Creditor and last 4 digits of account number | Collateral | Purchase date | Debt/estimated claim | Value of collateral | Interest rate | Monthly payment |
|---|---|---|---|---|---|---|
| Westlake Portfolio Management, | 2010 Jeep Wrangler | 6/17/22 | 17,360.00 | 18,535.00 | 9.50% | 364.59 |

3.4  **Claims for which § 506 valuation is applicable. Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if there is a check in the box "included" in § 1.1.**

☐ The debtor(s) request that the court determine the value of the collateral securing the claims as listed below. For each nongovernmental secured claim listed below, the debtor(s) state that the value of the collateral securing the claim should be as set out in the column headed *Value of collateral*. For secured claims of governmental units, unless otherwise ordered by the court, the value of the collateral securing the claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

Secured claims will be paid the lesser of the amount of the claim or the value of the collateral with interest at the rate stated below. The portion of any allowed claim that exceeds the value will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the claim amounts listed on a filed and allowed proof of claim will control over any contrary amount listed below, except as to value, interest rate and monthly payment.

The holder of any claim listed below as having value in the column headed *Value of collateral* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of: (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Creditor and last 4 digits of account number | Collateral | Purchase date | Debt/estimated claim | Value of collateral | Interest rate | Monthly payment | Estimated unsecured amount |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

3.5      **Surrender of collateral.**

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☑ The debtor(s) surrender to each creditor listed below the collateral that secures the creditor's claim in accordance with 11 U.S.C. § 1325(a)(5)(C). The debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. §§ 362(a) and 1301(a) be terminated as to the collateral only. No further payments are to be made to the creditor for the secured claim. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below. Unless otherwise ordered by the court, to the extent that the debtor(s) become entitled to proceeds upon disposition of the collateral, the proceeds will be remitted to the trustee.

| Creditor and last 4 digits of account number | Collateral to be surrendered |
|---|---|
| Ally Financial | 2015 Subaru Outback |

3.6      **Secured claims not provided treatment.** In the event that a secured claim is filed and allowed that is not provided treatment in the plan, the trustee shall pay such creditor the claim amount *without interest* after this plan in all other respects has been completed.

## Part 4: Treatment of Fees and Priority Claims

4.1      **General.**
Trustee's fees and all allowed priority claims, including domestic support obligations, will be paid in full without postpetition interest.

4.2      **Trustee's fees.**

The trustee's fees are governed by statute and may change during the course of the case.

4.3      **Attorney's fees.**
The attorney's fee is subject to approval of the court by separate application. The following has been paid or will be paid if approved by the court:

         Amount paid to attorney prior to filing:   $   **0.00**
         Amount to be paid by the Trustee:   $   **4,750.00**
         Total fee requested:   $   **4,750.00**

Debtor(s) **Gregory D. White**
**Lois Q. White**  Case No. **5:23-bk-71508**

Upon confirmation, the attorney shall receive an initial fee as provided in the application and approved by the court from funds paid by the debtor(s), after administrative costs have been paid. The remaining fee will be paid at the percentage rate of the total disbursed to creditors each month provided in the application approved by the court.

The initial fee and percentage rate requested in the application are $ **1,500.00** and **25.00** %, respectively.

**4.4**  **Priority claims other than attorney's fees and those treated in § 4.5.**

Filed and allowed priority claims (usually tax claims), including without limitation, the following listed below, will be paid in full in accordance with 11 U.S.C. § 1322(a)(2), unless otherwise indicated. For claims filed by governmental units, the categorization of the claim by the creditor (secured, priority, nonpriority unsecured) and amounts shall control over any contrary amounts unless otherwise ordered by the court.

| Creditor | Nature of claim (if taxes, specify type and years) | Estimated claim amount |
|---|---|---|
| DF&A | sales tax | 1,975.88 |

**4.5**  **Domestic support obligations.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1**  **Nonpriority unsecured claims.**

Allowed nonpriority unsecured claims shall be paid at least as much as they would receive if the debtor(s) filed a Chapter 7 case. **Allowed nonpriority unsecured claims shall be paid in full (100%) unless a different treatment is indicated below.** For above median income debtor(s), the distribution to unsecured creditors includes any disposable income pool (monthly disposable income times 60 months) from Form 122C-2, unless the debtor(s) are unable to meet the disposable income pool based on the following circumstances: ____

*Check one, if applicable*
☑ A PRORATA dividend, including disposable income pool amounts, if applicable, from funds remaining after payment of all other classes of claims; or

☐ Other. Please specify ____

**5.2**  **Special nonpriority unsecured claims and other separately classified nonpriority unsecured claims.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3**  **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Contracts, Leases, Sales and Postpetition Claims

**6.1**  **Executory Contracts and Unexpired Leases.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

Debtor(s) **Gregory D. White**
**Lois Q. White**             Case No. **5:23-bk-71508**

**6.2**     **Sale of assets.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

**6.3**     **Claims not to be paid by the trustee.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 6.3 need not be completed or reproduced.*

☑ The following claims are to be paid directly to the creditor by the debtor(s) and not by the trustee. These claims include home mortgage, lease payments, and debts actually being paid by a party other than the debtor(s) (who is liable for the debt) from property that is not property of the estate.

| Creditor | Payment to be paid by | Description of property/nature of obligation |
|---|---|---|
| Arvest Bank | ☑ Debtor(s) <br> ☐ Other _____ | 20382 Kirksey Rd. Elkins, AR 72727 <br> Washington County |

**6.4**     **Postpetition claims.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 6.4 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**7.1**     **Property of the estate will vest in the debtor(s) upon:**

*Check the applicable box.*

☐ plan confirmation.

☑ entry of discharge.

☐ other: _____

## Part 8: Nonstandard Plan Provisions

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9: Signatures

**By filing this document, the attorney for the debtor(s) or the debtor(s) themselves, if not represented by an attorney, certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in plan form used in the Eastern and Western Districts of Arkansas, other than any nonstandard provisions included in Part 8.**

    **/s/ Chris Foster**                                            **Date** October 30, 2023
    **Chris Foster 2000174**
    **Signature of Attorney for Debtor(s)**

Debtor(s) **Gregory D. White**  
**Lois Q. White**  Case No. **5:23-bk-71508**

| **/s/ Gregory D. White** | Date October 30, 2023 |
|---|---|
| **Gregory D. White** | |
| **/s/ Lois Q. White** | Date October 30, 2023 |
| **Lois Q. White** | |

**Signature(s) of Debtor(s)**
**(required if not represented by an attorney; otherwise optional)**

Debtor(s) **Gregory D. White**
**Lois Q. White**  Case No. **5:23-bk-71508**

# Addendum A - For Amended Plans

# Listing of Additional Creditors and Claims for Plan Purposes

Note: While additional creditors may be listed on Addendum A, the debtor(s) also must file amended schedules as appropriate.

**A.1**   **Prepetition Nonpriority Unsecured Claims**

The following are creditors with prepetition nonpriority unsecured claims that are added to the plan. These creditors will be provided treatment as described in Part 5.1 of the plan.

| Name and address of creditor | Last four digits of account number | Nature of debt and date incurred | Amount of debt |
|---|---|---|---|
| **-NONE-** | | | |

**A.2**   **Postpetition Nonpriority Unsecured Claims**

The following are creditors with postpetition nonpriority unsecured claims pursuant to 11 U.S.C. §§ 1305 and 1322(b)(6) that are added to the plan by the debtor(s). The creditors listed below are entitled to participate in the debtor(s)' bankruptcy case at the election of the creditor.

**A creditor may elect to participate in the plan by filing a proof of claim for the postpetition claim. The claim will be treated as though the claim arose before the commencement of the case and will be provided treatment as described in Part 5.1 of the plan. Upon completion of the plan and case, any unpaid balance of such claim may be subject to discharge.**

| Name and address of creditor | Last four digits of account number | Nature of debt and date incurred | Amount of debt | Approval to incur obtained from trustee or court |
|---|---|---|---|---|
| **-NONE-** | | | | Yes<br>No |

Debtor(s) **Gregory D. White**
**Lois Q. White**　　　　　　　　　　　　　　　　　　　Case No. **5:23-bk-71508**

CERTIFICATE OF MAILING

I, the undersigned, hereby certify that copies of the foregoing notice and attached Plan have been mailed or provided through ECF to the following:

Arkansas Department of Workfoce　　Internal Revenue Service
Legal Division　　　　　　　　　　　　PO Box 7346
P. O. Box 2981　　　　　　　　　　　　Philadelphia, PA 19101
Little Rock, AR 72203

Legal Division
Dept. of Finance & Admin.
P.O. Box 1272
Little Rock, AR 72203

U. S. Attorney
Eastern District
P. O. Box 1229
Little Rock, AR 72203

Joyce Bradley Babin
Chapter 13 Standing Trustee
(ECF)

and to all creditors whose names and addresses are set forth below:

Dated: 10/30/23

/s/ Chris Foster

_____
Chris Foster, Bar No. 2000174
FOSTER LAW FIRM
21941 I-30, Ste. 1
Bryant, AR 72022
(501) 847-9600

Allegro  (5296882)
(cr)
Ally Bank
AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118          (5297720)
(cr)
Ally Financial
Attn: Bankruptcy
Po Box 380901
Bloomington, MN 55438   (5296883)
(cr)
Ally Financial, Inc
Attn: Bankruptcy
500 Woodard Ave
Detroit, MI 48226          (5296884)
(cr)
American Honda Finance
Attn: Bankruptcy
Po Box 168088
Irving, TX 75016 (5296885)
(cr)
Arvest Bank
Attn: Bankruptcy
Pob 399
Lowell, AR 72745          (5296886)
(cr)
Arvest Bank
801 John Barrow Rd STE 1
Little Rock, AR 72205     (5298954)
(cr)
Bank of America
Attn: Bankruptcy
4909 Savarese Circle
Tampa, FL 33634(5296887)
(cr)
Barclays Bank Delaware
Attn: Bankruptcy
125 South West St
Wilmington, DE 19801     (5296888)
(cr)
BMO Bank North America
Attn: Bankruptcy
320 S Canal St
Chicago, IL 60606          (5296889)
(cr)
Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130  (5296890)
(cr)
Capital One Auto Finance
Attn: Bankruptcy
7933 Preston Rd
Plano, TX 75024 (5296891)

Debtor(s) **Gregory D. White**
**Lois Q. White**    Case No. **5:23-bk-71508**

(cr)
Citi Card/Best Buy
Attn: Citicorp Cr Srvs Centralized Bankr
Po Box 790040
St Louis, MO 36179    (5296892)
(cr)
Citibank/Sears
Citicorp Cr Srvs/Centralized Bankruptcy
Po Box 790040
St Louis, MO 63179    (5296893)
(cr)
Citibank/The Home Depot
Citicorp Cr Srvs/Centralized Bankruptcy
Po Box 790040
St Louis, MO 63179    (5296894)
(cr)
Comenity Bank/Helzberg
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218    (5296896)
(cr)
Credit Control Co., Inc.
PO Box 55165
Little Rock, AR 72215-5165    (5296897)
(cr)
DF&A
Legal Counsel Room 2380
PO Box 1272
Little Rock, AR 72203-1272    (5296898)
(cr)
Discover Financial
Attn: Bankruptcy
Po Box 3025
New Albany, OH 43054    (5296899)
(cr)
Fifth Third Bank
Attn: Bankruptcy
Maildrop RCS83E 1830 E Paris Ave SE
Grand Rapids, MI 49546    (5296900)
(cr)
First Credit Union
Attn: Bankruptcy
Po Box 820
Chandler, AZ 85244    (5296901)
(cr)
First Tech FCU
Attn: Bankruptcy
Po Box 2100
Beaverton, OR 97075    (5296902)
(cr)
Gastro Anesthesia, PLLC
PO Box 291264
Nashville, TN 37229-1264(5296903)
(cr)
Medallion Bank   (5296904)
(cr)

Debtor(s) **Gregory D. White**
**Lois Q. White** Case No. **5:23-bk-71508**

NMAC
Attn: Bankruptcy
Po Box 660366
Dallas, TX 75266 (5296905)
(cr)
North Hills Gastroenterology
Endoscopy Center
PO Box 9025
Fayetteville, AR 72703-0018 (5296906)
(cr)
Ollo Card Services
Attn: Bankruptcy
Po Box 9222
Old Bethpage, NY 11804 (5296907)
(cr)
Performance Finance
10509 Professional Circle
Ste. 100
Reno, NV 89521 (5296909)
(cr)
Performance Finance
1515 W 22nd Street
Oak Brook, IL 60523 (5296908)
(cr)
Resurgent Acquisitions, LLC
PO Box 10497, Mail Stop 576
Greenville, SC 29603 (5296910)
(cr)
Santander Consumer USA, Inc
Attn: Bankruptcy
Po Box 961245
Fort Worth, TX 76161 (5296911)
(cr)
Sunbit
Attn: Bankruptcy
10880 Wilshire Blv Suite 870
Los Angeles, CA 90024 (5296912)
(cr)
Sunbit (Eyemart Express)
PO Box 841238
Los Angeles, CA 90084 (5296913)
(cr)
Syncb/Care Credit
Attn: Bankruptcy
Po Box 965064
Orlando, FL 32896 (5296914)
(cr)
Syncb/yamaha Music&sou
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896 (5296915)
(cr)
Synchrony Bank
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896 (5296916)

Debtor(s) **Gregory D. White**
**Lois Q. White**             Case No. **5:23-bk-71508**

(cr)
Synchrony Bank/ HH Gregg
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896     (5296917)
(cr)
Synchrony Bank/HHGregg
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896     (5296919)
(cr)
Synchrony Bank/JCPenney
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896     (5296920)
(cr)
Synchrony Bank/Lowes
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896     (5296921)
(cr)
Synchrony Bank/Yamaha
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896     (5296922)
(cr)
Systems & Services Technologies
Attn: Bankruptcy
4315 Pickett Road
Saint Joseph, MO 64503     (5296924)
(cr)
Toyota Financial Services
Attn: Bankruptcy
Po Box 259001
Plano, TX 75025 (5296925)
(cr)
Trac/CBCD/Citicorp
Citicorp Cr Srvs/Centralized Bankruptcy
Po Box 790040
St Louis, MO 63179     (5296928)
(cr)
Tractor Supply Credit Plan
PO Box 9001006
Louisville, KY 40290-1006     (5296929)
(cr)
UAMS
PBS Slot 612
4301 W. Markham St.
Little Rock, AR 72205     (5296930)
(cr)
UAMS Medical Center
Hospital Billing Services
4301 W. Markham, Slot 612
Little Rock, AR 72203     (5296931)
(cr)
Walmart Health

Debtor(s) **Gregory D. White**
**Lois Q. White**  Case No. **5:23-bk-71508**

Springdale, AR    (5296932)
(cr)
Wells Fargo Hm Mortgag
Po Box 10335
Des Moines, IA 50306    (5296933)
(cr)
Westlake Portfolio Management,
Attn: Bankruptcy
Po Box 76809
Los Angeles, CA 90054    (5296934)